UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH EVERROAD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-488-JD-MGG |
| WARDEN, | |
| Defendant. | |

OPINION AND ORDER

Joseph Everroad is a prisoner at Westville Correctional Facility proceeding without a lawyer. He filed a three-page letter with the court alleging that he is being denied medical treatment. (ECF 1.) He asserts that he is suffering from a seizure-related disorder caused by a traumatic brain injury that, among other things, is causing bleeding from his left ear. He states that he has repeatedly "begged" to see a doctor but has received no medical treatment for this condition, which he claims to be a "very serious, life or death matter." (ECF 1 at 1.) He asks the court to order the warden to ensure that he is examined and treated by a competent medical professional for his condition.

"A document filed pro se is to be liberally construed," so this filing will be construed as a complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted). Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. Inmates are entitled to receive constitutionally adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, they are not entitled to demand "specific care," nor

are they entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Mere "disagreement" with a medical professional does not give rise to an Eighth Amendment claim. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Furthermore,

> medical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects "professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks, citations, and alterations omitted). Courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted).

Here, Mr. Everroad does not allege mere disagreement with medical professionals; rather, he alleges that he has received no treatment for a serious medical condition. The warden has both the authority and the responsibility to ensure that inmates are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Everroad will be allowed to proceed on an Eighth Amendment claim against John Galipeau in his official capacity as the Westville Correctional Facility Warden for permanent injunctive relief.

Given the nature of Mr. Everroad's allegations, the court also construes his letter as a motion for preliminary injunctive relief. "[A] preliminary injunction is an

extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, citations, and alterations omitted). Based on the above, the court will order the Warden to respond to the motion for a preliminary injunction.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against John Galipeau in his official capacity as the Westville Correctional Facility Warden on an Eighth Amendment claim to obtain permanent injunctive relief related to medical treatment for a seizure-related traumatic brain injury causing bleeding from his left ear;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from John Galipeau by email to the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(4) DIRECTS the clerk to fax or email a copy of the same documents to John Galipeau at the Westville Correctional Faculty;

(5) DIRECTS the United States Marshals Service to serve process pursuant to 28 U.S.C. § 1915(d) on John Galipeau by July 10, 2020, if an appearance has not been filed by June 30, 2020;

(6) ORDERS John Galipeau to file and serve a response to the preliminary injunction as soon as possible but not later than July 14, 2020, with supporting medical documentation and declarations from staff as necessary, addressing the status of the plaintiff's medical condition, what medical evaluations and treatment he has received to date, and what future course of treatment, if any, has been prescribed; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the warden to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 16, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT